Ryan C. Cadwallader (Utah Bar No. 13661)
Alyssa K. Nielsen (Utah Bar No. 18066)
KIRTON MCCONKIE
Key Bank Tower
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
rcadwallader@kmclaw.com
anielsen@kmclaw.com

DEAN ATYIA, Bar No. 298615 *pro hac vice pending*
dean.atyia@bbklaw.com
LAUREN ROSE, Bar No. 305501 *pro hac vice pending*
lauren.rose@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway
Suite 1500
San Diego, California 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendants CITY OF LAGUNA BEACH, LAGUNA BEACH POLICE DEPARTMENT, OFFICER GUILLERMO BARILLAS & SERGEANT ZACH FILLERS

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GITTI EL BEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAGUNA BEACH, LAGUNA BEACH POLICE DEPARTMENT, OFFICER GUILLERMO BARILLAS, SERGEANT ZACH FILLERS<br><br>Defendants. | **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:25-cv-00003-CMR<br><br>District Court Judge: Dale A. Kimball<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants City of Laguna Beach, Laguna Beach Police Department, Officer Guillermo Barillas and Sergeant Zach Fillers ("City Defendants") hereby move this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

# TABLE OF CONTENTS

**Page**

I. RELIEF SOUGHT AND GROUNDS IN SUPPORT ....... 1

II. RELEVANT FACTS ....... 2

III. LEGAL STANDARD ....... 3

IV. ARGUMENT ....... 4

A. The City Defendants Do Not Have Continuous and Systematic Contact with the State of Utah That Would Support General Personal Jurisdiction ....... 4

B. There Can Be No Specific Jurisdiction Because the City Defendants Did Not Engage in Any Conduct Demonstrating Purposeful Availment of the Privileges and Benefits of Conducting Business in Utah ....... 5

1. The Parties do not have a continuous relationship that would support specific jurisdiction ....... 6

2. The City Defendants have never exploited the market in Utah, which would allow personal jurisdiction to exist in this forum state ....... 6

3. The City Defendants' acts were "isolated" and not intentionally aimed at the State of Utah or its citizens ....... 7

4. It would be unreasonable to assert personal jurisdiction over the City Defendants in Utah District Court ....... 8

C. If the Court Lacks Personal Jurisdiction, It Cannot Consider or Grant Plaintiff's Request for Injunctive Relief or a Default Judgment ....... 10

V. CONCLUSION ....... 10

**TABLE OF AUTHORITIES**
(continued)

**Page**

**Federal Cases**

*AST Sports Sci., Inc. v. CLF Distrib. Ltd.*,
514 F.3d 1054 (10th Cir. 2008) ....................14

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.*, ....................13

*Burger King Corp. v Rudzewicz*,
471 U.S. 462 (1985)....................13, 14

*Calder v. Jones*,
465 U.S. 783 (1984)....................15, 16

*Donahue v. Far E. Air Transport Corp.*,
652 F.2d 1032 (C.A.D.C. 1981)....................12

*Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*,
514, F.3d 1063, 1073 (10th Cir. 2008) ....................11, 13, 16

*Est. of Beauford v. Mesa Cnty., Colo.*,
35 F.4th 1248 (10th Cir. 2022) ....................18

*Goodyear Dunlop Tires Operations, SA v. Brown*,
564 US 915 (2011)....................12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)....................12

*Hukill v. Okla. Native Am. Domestic Violence Coal.*,
542 F.3d 794 (10th Cir. 2008) ....................18

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982)....................18

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)....................11, 13

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Marcus Food Co. v. DiPanfilo*,
671 F.3d 1159 (10th Cir. 2011) ....................16

*Old Republic Ins. Co. v. Cont'l Motors, Inc.*,
877 F.3d 895 (10th Cir. 2017) ....................12, 14, 15

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*,
149 F.3d 1086 (10th Cir. 1998) ....................11

*Perkins v. Benguet Consol. Mining Co.*,
342 U.S. 437 (1952)....................12, 13

*Rusakiewicz v. Lowe*,
556 F.3d 1095 (10th Cir. 2009) ....................11

*TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*
488 F.3d 1282 (10th Cir. 2010) ....................16

*Walden v. Fiore*,
571 U.S. 277 (2014)....................11, 14

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)....................11, 15

*XMission, L.C. v. Fluent LLC*,
955 F.3d 833 (10th Cir. 2020) ....................15

**Federal Statutes**

Racketeer Influenced and Corrupt Organizations Act ....................10

U.S. Code § 241 ....................10

U.S. Code § 242 ....................10

U.S. Code § 872 ....................10

**TABLE OF AUTHORITIES**
(continued)

**Page**

**State Statutes**

Utah Code Ann. § 78B-3-201 – a ........................................................................................11

**Rules**

Fed. R. Civ. P. 12(b) ........................................................................................................11

Fed. R. Civ. P. 12(b)(2)......................................................................................................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   RELIEF SOUGHT AND GROUNDS IN SUPPORT

On January 6, 2025, Plaintiff Gitti El Ben ("Plaintiff") filed a complaint in this District seeking to assert claims for constitutional violations against a California municipality, a California police department, and two California peace officers, for actions that occurred within California, and regarding property (a 2019 Aston Martin DBS Superleggera (the "Vehicle")) that was allegedly seized in California.

Plaintiff alleges that Defendants City of Laguna Beach, Laguna Beach Police Department, Officer Guillermo Barillas and Sergeant Zach Fillers ("City Defendants") unlawfully seized and impounded the Vehicle and thereafter engaged in theft and extortion to keep the Vehicle from Plaintiff's possession. All of the acts and omissions alleged in the Complaint occurred in California.

The City Defendants now make a *limited appearance* solely for the purpose of challenging personal jurisdiction. Plaintiff does not and cannot establish either general or specific personal jurisdiction over the City Defendants. With regard to general personal jurisdiction, he has not plead any minimum contact with the State of Utah or this District, nor any connection between the alleged acts or omissions and this jurisdiction. Indeed, Plaintiff's own admissions in the Complaint clearly demonstrate that the acts and omissions alleged occurred solely outside of this District.

Plaintiff also cannot establish specific personal jurisdiction exists over the City Defendants, as there are no alleged facts that the City Defendants' actions were "purposefully directed" at the State of Utah or its residents, and that Plaintiff's injuries arose out of those same events. There are several frameworks the Court can assess for establishing specific personal jurisdiction, none of which align with the assertions stated in the Complaint.

Even *assuming arguendo*, the Court finds minimum contacts are established, the factors that weigh reasonableness and fairness in finding personal jurisdiction cut against Plaintiff and in favor of the City Defendants.

## II. RELEVANT FACTS

On January 6, 2025, Plaintiff filed a civil action against the City Defendants in this Court based on diversity of citizenship and federal question. Plaintiff is suing under alleged constitutional violations, including under the United States Constitution pursuant to the First, Fifth, Sixth and Seventh Amendments of the United States Constitution; the Racketeer Influenced and Corrupt Organizations Act ("RICO"); 18 U.S. Code § 872; 18 U.S. Code § 241; and 18 U.S. Code § 242. (ECF No. 1 at 3; ECF No. 1-2 at 8, 13.)

Plaintiff asserts on December 12, 2024, while in the City of Laguna Beach, California, he parked the Vehicle in a paid parking structure. (ECF No. 1-1 at 8, 11.) The Vehicle "had an identifying number on the back that identified the USDOT-provided number to evidence its private, non-commercial nature with the United States Department of Transportation."[1] (*Id.* at 4.)

Plaintiff asserts Parking Officer Barillas towed the Vehicle prior to the expiration of Plaintiff's paid parking. (*Id.*) Later that evening, Plaintiff *placed a call* to the Laguna Beach Police Department, and spoke with dispatch, who informed Plaintiff the Vehicle was towed because it lacked proper registration. (*Id.*) According to a "transcript" Plaintiff attaches to the Complaint, Plaintiff also requested a return call and spoke with Sergeant Fillers of the Laguna Beach Police Department. (ECF No. 1-2 at 12; ECF No. 1-3.) During this conversation, Plaintiff contended the Vehicle was registered through a UCC lien in Utah and that it was also connected to a lien that was filed in Colorado. (ECF No. 1-3 at 15.) Plaintiff alleges Sergeant Fillers would not release the

[1] The City Defendants cannot ascertain from the allegations of the Complaint the registration status of the Vehicle, or whether a "USDOT-provided number" evidences legally-compliant registration; however, such a determination does not affect the substance of the present motion.

Vehicle because the VIN number on the Vehicle was covered up and it was not registered with the Department of Motor Vehicles. (*Id.* at 17.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides for the defense of lack of personal jurisdiction. A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Conclusory allegations "will not suffice to defeat a Fed. R. Civ. P. 12(b) motion." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514, F.3d 1063, 1073 (10th Cir. 2008).

To establish personal jurisdiction over an out-of-state defendant, a plaintiff must "show, first, that jurisdiction is authorized by Utah law, and second, that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). Under Utah's long-arm statute – Utah Code Ann. § 78B-3-201 – a federal court's jurisdiction cannot go beyond the "extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Therefore, the Court need only conduct a single due process analysis when assessing personal jurisdiction under the long-arm statute. *Rusakiewicz*, 556 F.3d at 1100.

The Fourteenth Amendment's due process clause "constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). In order for the Court to exercise personal jurisdiction over an out-of-state defendant, it must be established that the defendant has "minimum contacts" with Utah, such that defending a lawsuit in another state would not "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). A defendant's contact with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980).

## IV. ARGUMENT

### A. The City Defendants Do Not Have Continuous and Systematic Contact with the State of Utah That Would Support General Personal Jurisdiction

General jurisdiction lies when a defendant has "continuous and systematic" contacts with the forum state, in which case, the court can exercise jurisdiction over the person or entity. *Old Republic Ins. Co. v. Cont'l Motors, Inc.* 877 F.3d 895, 904 (10th Cir. 2017). If general jurisdiction exists, the court may exercise jurisdiction "over a defendant in a suit not arising out of or related to the defendant's contacts with the forum state." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9 (1984).

In *Goodyear*, a bus accident occurred in France, and the tire alleged to have caused the accident was manufactured and sold overseas; however, the lawsuit was filed in North Carolina (where the two deceased children resided that were involved in the accident). *Goodyear Dunlop Tires Operations, SA v. Brown,* 564 US 915, 916 (2011). The Court of Appeals found general jurisdiction established because some of the tires manufactured by Goodyear's foreign subsidiaries (companies in Luxembourg, Turkey and France) made their way to North Carolina through "the stream of commerce." *Id*. at 920. However, the Supreme Court held this connection was so "limited," it did not give rise to general jurisdiction. *Id*.

*Goodyear* acknowledged another Supreme Court decision, *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), as the "'textbook case of general jurisdiction appropriately exercised.'" *Goodyear,* 564 U.S. at 928 (quoting *Donahue v. Far E. Air Transport Corp*., 652 F.2d 1032, 1037 (C.A.D.C. 1981)). In *Perkins*, a case brought in Ohio, the defendant was a Philippine mining corporation. 342 U.S. at 447. The corporation's president maintained an office in Ohio and kept company files in Ohio. *Id.* The subject incident did not occur in Ohio. *Id.* at 448. The court found that Ohio essentially acted as the corporation's principal place of business; therefore, the

corporation maintained sufficient continuous and systematic contacts with Ohio so as to establish general personal jurisdiction. *Id.* at 447-48.

Here, Plaintiff has not offered *any* facts or evidence that would support general personal jurisdiction over the City Defendants. There are no allegations the City of Laguna Beach, California, its police department, nor either of its two named peace officers had any contact with Utah, much less "continuous and systematic" contact. There is nothing to suggest the maintenance of a physical presence, or place of business in Utah, nor anything to suggest continuing actions that effect the State of Utah or its residents. There are no assertions any of the named City Defendants made any contact with the State of Utah *at all*.

If the Court were to find general jurisdiction exists over the City Defendants, it would most certainly "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at 316 (internal quotation marks and citation omitted). The City of Laguna Beach is a municipality that governs a city in California, and its police department and peace officers enforce the City of Laguna Beach's and State of California's laws.

**B. There Can Be No Specific Jurisdiction Because the City Defendants Did Not Engage in Any Conduct Demonstrating Purposeful Availment of the Privileges and Benefits of Conducting Business in Utah**

Specific jurisdiction lies when an out-of-state defendant's actions were "purposefully directed" at the residents of the forum state and the plaintiff's injuries arose out of those same activities. *Burger King Corp. v Rudzewicz,* 471 U.S. 462, 472 (1985). "Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov,* 514 F.3d at 1078. This analysis requires courts to determine there is a sufficient link between the defendant's actions and the forum state. *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.,* 582 U.S. 255, 263 (2017). "Purposeful availment" requires a showing the defendant "deliberately . . . engaged in significant activities within" the

forum state so as to "manifestly avail[ed] [itself] of the privilege of conducting business there." *Old Republic*, 877 F.3d at 905 (quotation omitted). This high standard is to ensure a defendant is not subject to that State's laws merely because of "***random, fortuitous, or attenuated contacts***." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008) (***emphasis added*** and quotation omitted).

The Court in *Old Republic* established three frameworks in which to analyze "purposeful direction:" (1) whether the parties were in continuous relationships; (2) the market-exploitation framework; and (3) the harmful effects framework. *Old Republic*, 877 F.3d at 905.

***1. The Parties do not have a continuous relationship that would support specific jurisdiction***

Continuous relationships typically involves parties with contractual relationships. *Burger King*, 471 U.S. at 472-73. A "defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Instead the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual dealing must be considered." *Burger King*, 471 U.S. at 463.

There are no facts plead beyond a single interaction between the City Defendants and Plaintiff alleged in the Complaint. There are no allegations the parties were involved in a contractual relationship, had any prior dealings, nor would have continued involvement in the future by virtue of some agreement.

***2. The City Defendants have never exploited the market in Utah, which would allow personal jurisdiction to exist in this forum state***

In the market-exploitation theory of personal jurisdiction, the following factors are considered: "(a) high sales volume and large customer base and revenues, and (b) extensive nationwide advertising or ads targeting the forum state." *Old Republic*, 877 F.3d at 915. This analysis applies when "a defendant purposefully directs activities into the forum State if it

continuously and deliberately exploits the forum State's market." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 849 (10th Cir. 2020).

Here, Plaintiff does not allege the City Defendants are engaged in any sort of commercial activity, maintain customers, generate revenue, or direct advertising that touches the State of Utah.

#### *3. The City Defendants' acts were "isolated" and not intentionally aimed at the State of Utah or its citizens*

In order to establish personal jurisdiction under the harmful effects framework, a plaintiff must demonstrate that the defendant's intentional acts were expressly aimed at the forum state. *Old Republic*, 877 F.3d at 907.

The Supreme Court found a lack of personal jurisdiction when a couple who purchased a vehicle in New York from a New York dealer were involved in a motor vehicle accident in Oklahoma while relocating to Florida. *World-Wide Volkswagen Corp.*, 444 U.S. at 288. The couple brought a products liability lawsuit in Oklahoma and sued the car dealer and its New York-based wholesaler. *Id.* Besides the accident, the Supreme Court found the defendants had no connection with the forum State and that their connection to Oklahoma was an "isolated" and "fortuitous" circumstance. *Id*. at 295.

In contrast, the Supreme Court found personal jurisdiction established in a matter involving Florida defendants who wrote a libelous article regarding a California resident. *Calder v. Jones*, 465 U.S. 783 (1984). The writers made visits and phone calls to California, but the writing and editing all occurred in Florida. *Id*. at 788. The Supreme Court held the defendants' conduct was intentional and "calculated to cause injury to [plaintiff] in California." *Id*. at 791.

In this matter, there is no evidence that any of the City Defendants performed any sort of intentional conduct expressly aimed at the State of Utah, or its citizens. Parking Officer Barillas impounded the Vehicle in California based on California registration requirements. (ECF No. 1-3 at 5, 16, 17.) Sergeant Fillers spoke to Plaintiff *at Plaintiff's request*. (ECF No. 1-2 at 12, 14; ECF No. 1-3 at 15.) None of the City Defendants had any knowledge that Plaintiff was a resident of

Utah until Plaintiff informed them (after the impoundment), nor engaged in any acts or omissions directed at Utah.

Notably, it is not even clear from the Complaint whether Plaintiff is a resident of Utah, or why he chose to file this case in Utah. It is unclear if even Plaintiff, or the Vehicle had been in Utah at any time in the recent past. Unlike in *Calder*, the City Defendants were not intentionally making contact with Utah. There is therefore a complete lack of intentional action sufficient to support personal jurisdiction under the harmful effects framework.

***4. It would be unreasonable to assert personal jurisdiction over the City Defendants in Utah District Court***

If, notwithstanding the above-cited precedent, the Court were to find sufficient minimum contacts to support personal jurisdiction, it still must consider whether exercise of jurisdiction would be fair, just, and appropriate, by reference to five factors:

> (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states or foreign nations in furthering fundamental social policies.

*See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1167 (10th Cir. 2011) (quotation omitted); *see also Dudnikov*, 514 F.3d 1080. The analysis is a sliding scale; the weaker the case for establishing minimum contacts, the less the defendants have to show a finding of unreasonableness. *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007). Here, the factors demonstrate that the exercise of personal jurisdiction does indeed offend traditional notions of fair play and substantial justice.

***Burden***. It would be an extreme burden to require individual and agency Defendants to travel to and participate in litigation nearly 700 miles from their home forum and could require the expense of travel and lodging on multiple occasions. Conversely, Plaintiff admits that he maintains

vehicles in Laguna Beach, California, and that he was present there on the occasion alleged. (ECF No. 1-2 at 11, 12.) There is no evidence that Plaintiff would be burdened.

***Utah's Interests in Resolving the Dispute.*** There is no allegation that the impoundment concerns the validity of a Utah registration. Instead, Plaintiff alleges the registration was issued by the Department of Transportation. (ECF No. 1-2 at 11, 12.) Thus, Utah has no interest in defending the validity of its own licensing and registration authority, and cannot be said to have any interest in the City of Laguna Beach's application of local and State of California parking and vehicle laws. And again, it is not clear from the Complaint that Plaintiff is even a resident of Utah.

***Plaintiff's Interest in Convenient and Effectual Relief***. Part of the relief Plaintiff seeks is the release of the Vehicle from impoundment. (ECF No. 1 at 5.) If that relief is awarded, then it would clearly require the transfer to Plaintiff or his representative to be present to accept or retrieve the Vehicle. In other words, for relief to be effective, Plaintiff must go to the Vehicle. Because the Vehicle is in California, effectual relief therefore requires Plaintiff's presence in California, not Utah.

***Efficient Resolution of Controversies in the Interstate Judicial System.*** None of the facts at hand suggest that a federal court in California would be incapable of rendering convenient and effectual relief. In fact, a federal court in California would likely have *more familiarity* with local and State of California motor vehicle law, and its interaction with constitutional rights, such that if relief is proper, it would be more expeditious and effectual.

***The Social Policies.*** Apart from the constitutional protections at issue, a fundamental social policy at play is the independence and sovereignty of local governments. Just as states are afforded sovereign immunity under the Eleventh Amendment, states themselves delegate some degree of decision-making and regulatory authority to local governments, often in the case of administering law and regulation specific to localized daily activities – such as is the case with local parking and traffic regulations. Therefore, it would be most appropriate for a California Court (whether federal

or state court) to adjudicate the actions of a California local agency, especially where the allegations at issue relate to local parking and impoundment of motor vehicles.

There does not seem to be any countervailing interest Plaintiff can identify to support Utah as an appropriate forum, other than perhaps the unalleged fact that Plaintiff resides there. The factors identified by precedent; however, overwhelmingly demonstrate that the exercise of personal jurisdiction over the City Defendants – *assuming arguendo minimum contacts had been established* – would offend jurisdictional fairness.

### C. If the Court Lacks Personal Jurisdiction, It Cannot Consider or Grant Plaintiff's Request for Injunctive Relief or a Default Judgment

In addition to the Complaint, Plaintiff has filed motions for injunctive relief and default judgment. (ECF Nos. 14, 15.) However, without personal jurisdiction, the Court cannot grant either form of relief in favor of Plaintiff, and against City Defendants because '"until the court has established personal jurisdiction over a party, any assertion of judicial power over the party violates due process.'" *Est. of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1277 (10th Cir. 2022) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, (1982) (brackets omitted)); *see also Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) ("[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant.") (quotation omitted).

Because Plaintiff cannot establish this Court's personal jurisdiction, his requests for injunctive relief and default must be denied. However, in the event that the Court denies the present motion, the City Defendants request the opportunity to otherwise respond to the Complaint and Plaintiff's motions.

## V. CONCLUSION

For the foregoing reasons, the City Defendants respectfully request that the Court dismiss Plaintiff's Complaint.

Dated: March 14, 2025

                                    KIRTON McCONKIE

                                    By: */s/ Ryan C. Cadwallader*
                                    Ryan C. Cadwallader
                                    Alyssa K. Nielsen

                                  BEST BEST & KRIEGER LLP

                                  By: */s/ Dean Atyia*
                                    Dean Atyia (pro hac vice pending)
                                    Lauren Rose (pro hac vice pending)

                                  Attorneys for Defendants
                                  CITY OF LAGUNA BEACH, LAGUNA BEACH
                                  POLICE DEPARTMENT, OFFICER GUILLERMO
                                  BARILLAS & SERGEANT ZACH FILLERS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2025, a true and correct copy of the forgoing **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was served on the following by the method indicated below:

Gitti El Ben- Trustee, Pro Se
1285 North Canyon Creek Parkway #1010
Spanish Fork, Utah 84660
gittiben@proton.me

(X) U.S. Mail, Postage Prepaid
(X) E-Mail – gittiben@proton.me
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

/s/ Teena Sanders