Ryan C. Cadwallader (Utah Bar No. 13661)
Alyssa K. Nielsen (Utah Bar No. 18066)
KIRTON MCCONKIE
Key Bank Tower
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
rcadwallader@kmclaw.com
anielsen@kmclaw.com

DEAN ATYIA, Bar No. 298615 *pro hac vice*
dean.atyia@bbklaw.com
LAUREN ROSE, Bar No. 305501 *pro hac vice*
lauren.rose@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, Suite 1500
San Diego, California 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendants CITY OF LAGUNA BEACH, LAGUNA BEACH POLICE DEPARTMENT, OFFICER GUILLERMO BARILLAS & SERGEANT ZACH FILLERS

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GITTI EL BEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LAGUNA BEACH, LAGUNA BEACH POLICE DEPARTMENT, OFFICER GUILLERMO BARILLAS, SERGEANT ZACH FILLERS<br><br>　　　　　　Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:25-cv-00003-CMR<br><br>District Court Judge: Dale A. Kimball<br><br>Magistrate Judge: Cecilia M. Romero |

1

4913-7116-4207.v1

Defendants City of Laguna Beach, Laguna Beach Police Department, Officer Guillermo Barillas and Sergeant Zach Fillers ("Defendants") hereby submit the present reply in support of their motion to dismiss Plaintiff's complaint, filed on March 14, 2025, for lack of personal jurisdiction. (ECF 20.)

## I. REPLY IN SUPPORT OF MOTION TO DISMISS

### A. Plaintiff has Failed to Make Even a *Prima Facie* Showing of Personal Jurisdiction

When a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, a plaintiff must make a prima facie showing of personal jurisdiction to defeat the motion. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)). The plaintiff may make this prima facie showing "by demonstrating, ***via affidavit or other written materials***, facts that if true would support jurisdiction over the defendant." *Id.* (emphasis added). If a court holds an evidentiary hearing, the plaintiff must provide by a preponderance of the evidence that the court has personal jurisdiction over the parties. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 773 (10th Cir. 1997.)

In his Opposition to Defendants' Motion to Dismiss, Plaintiff makes only a single statement – " . . . Defendants' actions caused harm in Utah. Plaintiff came from Utah, defendants knew, and continued their unlawful seizure of the Aston Martin." (ECF 23 at 1.)

First, this statement is not fact. It is not supported by any specific fact regarding *when* Plaintiff came from Utah, or *how* Defendants could have been aware. It is instead an unsworn conclusory statement contained only in argument, and is not evidence of facts sufficient to establish a *prima facie* showing. *See, e.g.*, *State Farm Fire & Cas. Co. v. Telecomm Consultants, Inc.*, 757 F. App'x 726, 730 (10th Cir. 2018); *Florida v. Georgia*, 585 U.S. 803, 872 (2018)

("statements in briefs are not evidence") (dissenting); *Rossin v. S. Union Gas Co.*, 472 F.2d 707, 712 (10th Cir. 1973) ("argument by brief is not evidence.")

Second, *even if* the Court were to credit Plaintiff's conclusory statement, they cannot satisfy the *prima facie* burden to establish jurisdiction. Whether or not Plaintiff was ever in Utah or came from Utah, and whether or not Defendants knew of his state of origination is not sufficient to establish continuous and systematic contact to support general jurisdiction, nor the requisite minimum contacts for establishing personal jurisdiction. (ECF 20 at 4-8.) Plaintiff's Opposition to Defendants' motion to dismiss is completely devoid of analyzing how this Court has personal jurisdiction over Defendants. (ECF 23.)

Plaintiff cited one case in his opposition, *Calder v. Jones*, 465 U.S. 783 (1984), for the proposition that personal jurisdiction exists. *Calder* is wholly distinguishable from the matter at hand. *Calder,* a defamation lawsuit, involved an article written and edited in Florida and published by the National Enquirer. Respondent, the subject of the article was a resident of California and the case was filed in California. *Id.* at 783. Although National Enquirer was incorporated in Florida, California was the state with the magazine's largest amount of circulated copies. *Id.* at 785. Therefore the court concluded, due to the subject article and circulation of the magazine throughout the forum state – California – petitioners should have "reasonably anticipated being haled into court" in California. *Id.* at 790. Moreover, the harm occurred in California, as the story "concerned the California activities of a California resident." *Id.* at 788.

Here, even if the Plaintiff is correct that he came from Utah and Defendants knew of that fact, none of the acts or omissions alleged are connected to Utah or directed to Utah. Just because Plaintiff "came from Utah," does not establish harm caused to him while he was in Utah, nor that Defendants purposefully availed themselves to the laws of Utah. (ECF 23 at 1.) The Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

### B. The Interests of Justice do Not Weigh in Favor of Transfer to a Different District

Plaintiff requests this Court transfer this case, pursuant to 28 U.S.C. § 1406(a), if the Court finds that it lacks personal jurisdiction. (ECF 23 at 1.) However, 28 U.S.C. § 1406(a) concerns *venue*, not *jurisdiction.* It empowers this Court to transfer the case in order to cure "a case laying venue in the wrong division or district," and *only* as a secondary remedy if dismissal is not in the interests of justice. Here, Defendants' motion is premised on jurisdiction. 28 U.S.C. § 1406(a) does not empower this Court to the relief of transferring the case in these circumstances, nor does Plaintiff identify an appropriate court for such transfer.

Plaintiff likely intended to invoke 28 U.S.C. § 1631, a more appropriate transfer statute; however even under 28 U.S.C. § 1631, this matter should not be transferred to a different district, as Plaintiff omitted any reasoning or case law why doing so would be in the "interest of justice." Courts analyze the following factors when assessing if transferring a case is in the interest of justice: (1) whether the claims would be time-barred if refiled in the correct court; (2) whether the claims are likely to have merit; and (3) whether "the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006). The Tenth Circuit "ha[s] interpreted the phrase 'if it is in the interest of justice' to grant the district court *discretion* in making a decision to transfer an action or instead to dismiss the action without prejudice." *Id*. at 1222-1223. (emphasis added).

First, the actions that comprise of Plaintiff's complaint occurred in December 21, 2024, only three months ago. (ECF 1-1 at 8, 11.) Plaintiff's lawsuit would not be time-barred if re-filed with a district that would have personal jurisdiction over Defendants; there is no imminent statute of limitations deadline.

Next, Plaintiff's claims lack merit. "[A] court is authorized to consider the consequences of a transfer by taking 'a peak at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case with is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).) Plaintiff's vehicle was impounded due to not being properly registered and Plaintiff is alleging violations of the First Amendment (under the guise of a violation of Plaintiff's religious rights); the Fifth Amendment (under the takings clause, thereby he would have to allege Defendants are utilizing his vehicle for public use); the Seventh Amendment (which is not applicable to civil cases); 18 U.S.C. §§ 241 & 242 (criminal statutes); and the Racketeer Influenced and Corrupt Organization Act (where a pattern of racketeering would have to be alleged). (ECF 1 at 3; ECF 1-3 at 17; ECF 1-2 at 8, 13.) This is neither a criminal case, nor a matter where any of the alleged elements of the cited federal statutes or Amendments have been properly plead. Therefore, there is a low likelihood of success pursuant to any of Plaintiff's claimed violations of federal law and transferring the case would be a waste of judicial resources.

Finally, it remains unclear why Plaintiff filed this matter in the State of Utah, when all alleged actions occurred in California, Defendants were in California and Plaintiff alleges no real connection to the State of Utah. (ECF 1-1 at 8, 11.) Therefore, it should have been evident that this case does not belong in the District of Utah. None of the factors that weigh in favor of transferring the case in the interest of justice are present here. Moreover, Plaintiff's opposition was absent any reasoning as to why the case should be transferred in light of the factors under 28 U.S.C. § 1631, nor did he direct the Court which district the case should be transferred to, leaving Defendants without the knowledge of the suggested alternative district.

In the interest of justice Plaintiff should refile the matter, allowing Defendants to avail themselves of any pleading challenges. There is no prejudice to Plaintiff, as stated above he is not

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

4913-7116-4207.v1

facing a statute of limitations issue. Therefore, this case should be dismissed and not transferred under either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631.

## II. CONCLUSION

Defendants respectfully request the Court dismiss Plaintiff's Complaint.

Dated: March 31, 2025

BEST BEST & KRIEGER LLP

By: */s Lauren Rose*
 DEAN ATYIA
 LAUREN ROSE

KIRTON MCCONKIE

By: */s Ryan C. Cadwallader*
 Ryan C. Cadwallader
 Alyssa K. Nielsen

Attorneys for Defendants
CITY OF LAGUNA BEACH, LAGUNA BEACH POLICE DEPARTMENT, OFFICER GUILLERMO BARILLAS & SERGEANT ZACH FILLERS

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2025, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was served on the following by the method indicated below:

| Gitti El Ben- Trustee, Pro Se<br>1285 North Canyon Creek Parkway, #1010<br>Spanish Fork, Utah 84660<br>gittiben@proton.me | (X) U.S. Mail, Postage Prepaid<br>(X) E-Mail – gittiben@proton.me<br>(  ) Overnight Mail<br>(  ) Facsimile |
|---|---|

*/s/ Terri L. White*

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, SUITE 1500
SAN DIEGO, CALIFORNIA 92101

7

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
4913-7116-4207.v1