IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GITTI EL BEN,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CITY OF LAGUNA BEACH, et al.,<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION GRANTING [20] MOTION TO DISMISS AND DENYING [7] MOTION FOR INJUNCTIVE RELIEF AND [15] MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:25-cv-00003-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9). Before the court is Defendants City of Laguna Beach, Laguna Beach Police Department, Officer Guillermo Varillas, and Sergeant Zach Fillers' (collectively, Defendants) Motion to Dismiss (ECF 20). The court also considers Plaintiff Gitti El Ben's (Plaintiff) Response to the Motion to Dismiss (ECF 23) and Defendants' Reply (ECF 24). The court further considered Plaintiff's Motion for Injunctive Relief (ECF 7) and Amended Motion for Decision and Default Judgment (ECF 15) (collectively, Plaintiff's Motions). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the undersigned RECOMMENDS that the court GRANT Defendants' Motion to Dismiss and DENY Plaintiff's Motions.

## I.　　BACKGROUND

On January 6, 2025, Plaintiff filed his Complaint asserting claims under various federal statutes and provisions of the United States Constitution (ECF 1 at 3).[1] Plaintiff's claims arise from

---

[1] Specifically, Plaintiff indicates that the following statutes and Constitutional provisions are at issue: "The Constitution of the United States of America Amendment I, V, VI, VII, The RICO act, 18 U.S.C. § 872, 18 U.S.C. § 241, 18 U.S.C. § 242" (ECF 1 at 3).

the impoundment of a 2019 Aston Martin DBS Superleggera (the Vehicle) in California (*id.* at 4). Plaintiff alleges that Defendants unlawfully seized and impounded the Vehicle from a parking structure and thereafter engaged in theft and extortion to keep the Vehicle from his possession (ECF 1-2 at 1, 3–5). Plaintiff contends that he did not register the Vehicle with the Department of Motor Vehicles (DMV) because "there is no lawful requirement for the registration of private automobiles" (*id.* at 3).

## II.     LEGAL STANDARDS

Defendants seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for "lack of personal jurisdiction" (ECF 20). Fed. R. Civ. P. 12(b)(2). Under Rule 12(b)(2), "the plaintiff bears the burden of showing that the court has personal jurisdiction over each defendant." *Route App, Inc. v. Heuberger*, No. 2:22-CV-00291-TS-JCB, 2025 WL 1504567, at *1 (D. Utah May 27, 2025) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)). Where there has been no evidentiary hearing, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Id.* (citing *Shrader*, 633 F.3d at 1239). "If the defendant challenges the jurisdictional allegations, the plaintiff must support those allegations by competent proof of the supporting facts." *Id.* (citing *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).

Under Utah law, "personal jurisdiction analysis collapses into one inquiry: whether exercising jurisdiction comports with due process." *Route App*, 2025 WL 1504567, at *2 (citing *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011)). Due process requires that a defendant "have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). A defendant's "minimum contacts" with the forum may

2

support either general or specific personal jurisdiction. General jurisdiction requires that a defendant have contacts with the forum "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations S.A. v Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction arises when a defendant takes "some action 'by which it purposefully avails itself of the privilege of conducting activities within the forum State' and the plaintiff's claims 'must arise out of or relate to the defendant's contacts with the forum.'" *Route App*, 2025 WL 1504567, at *2 (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

Having considered the relevant filings, the undersigned finds it appropriate to also consider dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In undertaking this analysis, the court is mindful that Plaintiff is acting pro se and that his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### III.  DISCUSSION

**A. Dismissal**

Defendants argue dismissal under Rule 12(b)(2) is warranted because this court lacks personal jurisdiction over Defendants (ECF 20). Specifically, Defendants contend that they "do not have continuous and systematic contact with the State of Utah that would support general personal jurisdiction," and they "did not engage in any conduct demonstrating purposeful availment of the privileges and benefits of conducting business in Utah" to support specific jurisdiction (ECF 20 at 10–11). In response, Plaintiff provides only conclusory allegations that "Defendants' actions caused harm in Utah" and that Defendants knew "Plaintiff came from Utah" (ECF 23 at 1). Not only are these allegations insufficient to meet the standard for general or specific personal jurisdiction, Plaintiff also makes no attempt to provide "competent proof" of his allegations as required to meet his burden to show that this court has personal jurisdiction over Defendants. *See Route App*, 2025 WL 1504567, at *1. For these reasons, the undersigned finds this case is subject to dismissal under Rule 12(b)(2) for lack of personal jurisdiction over Defendants.

In the Response, Plaintiff requests "transfer rather than dismissal" as an alternative form of relief (ECF 23 at 1). The undersigned does not consider this request because it is procedurally improper to make a motion in a response. *See* DUCivR 7-1(1)(3). Even if this request was properly before the court, the undersigned finds dismissal under Rule 12(b)(6) is warranted because Plaintiff's allegations are insufficient to state a claim under the various statutes and Constitutional Amendments referenced in the Complaint. Federal Rule of Civil Procedure 8 imposes requirements relative to all claims, which are meant to ensure "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *Lakhumna v. Sgt.*

4

*Messenger*, No. 4:18-cv-81-DN, 2019 WL 2285775, at *2 (D. Utah May 29, 2019) (quoting *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991)). As noted above, the Complaint lists several federal statutes and provisions of the United States Constitution that Plaintiff believes are at issue in this matter (ECF 1 at 3). One of the primary issues with the Complaint is that Plaintiff does not explain whether he is asserting claims under each of those statutes and Constitutional Amendments, much less, how his factual allegations fit within any of those potential claims.

Plaintiff indicated in the Complaint, and on the civil cover sheet, that the nature of this case pertains to civil rights claims, which would arise under 42 U.S.C. § 1983 (ECF 1 at 3; ECF 1-1). Beyond the general pleading requirements of Rule 8, § 1983 claims have additional specificity requirements that Plaintiff must satisfy to survive a motion to dismiss. The Tenth Circuit has noted that, "[i]n § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). For that reason, "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1250. Where the "complaint fails to isolate the allegedly unconstitutional acts of each defendant," it is subject to dismissal because each defendant should be given "adequate notice as to the nature of the claims against each." *See id.* Plaintiff's allegations fall short of meeting the requirements for § 1983 claims. While Plaintiff indicates which officers impounded the Vehicle (ECF 1-2 at 1), the remainder of the Complaint merely refers to "the officers" and makes general accusations that "the officers" violated Plaintiff's rights (*id.* at 2–7). Plaintiff's constitutional claims are thus subject to dismissal.

Plaintiff also purports to bring claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), *see* 18 U.S.C. §§ 1962, 1964. For RICO claims, a plaintiff must allege "the defendant violated the substantive RICO statute" by setting forth the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003) (quoting *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002)). It is unclear what allegations in the Complaint would support a RICO claim that Plaintiff may be asserting. While Plaintiff's pro se filings must be construed liberally, he is still required to follow the same rules of procedure as other litigants, and "the court cannot act as [Plaintiff's] advocate and make legally cognizable arguments for him." *See Barela v. Ehrler*, No. 2:15-cv-00359-RJS-EJF, 2016 WL 3950747, at *1 (D. Utah June 29, 2016), *report and recommendation adopted*, 2016 WL 3948064 (D. Utah July 19, 2016). Because any claims Plaintiff may be asserting under 18 U.S.C. §§ 1962, 1964 do not provide Defendants with fair notice of the grounds upon which they rest, such claims should be dismissed.

Finally, Plaintiff is asserting claims against Defendants for criminal violations under 18 U.S.C. § 872, and 18 U.S.C. §§ 241–42. However, these claims are also subject to dismissal for failure to state a claim because criminal statutes do not provide a private cause of action. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (affirming dismissal of claims under 18 U.S.C. §§ 241–42 because these statutes "do not provide for a private civil cause of action").

Thus, for the foregoing reasons, the undersigned finds that dismissal of the entirety of Plaintiff's Complaint is appropriate for failure to state a claim upon which relief can be granted.

### B. Injunctive Relief

On January 16, 2025, Plaintiff filed a "Supplement to Complaint with Request for Injunctive Relief," which was docketed as a Motion for Injunctive Relief (ECF 7). Plaintiff asserts that the Vehicle was "taken unlawfully" because "no crime was committed" and is being "unlawfully withheld" by Defendants (*id.* at 1). On this basis, Plaintiff requests that the Vehicle that is being held in a towing lot in California be returned to him immediately (*id.* at 1–2). Because the undersigned has recommended that the entirety of Plaintiff's Complaint be dismissed, the undersigned further recommends denying Plaintiff's request for injunctive relief (ECF 7) as moot.

### C. Default Judgment

On February 13, 2025, Plaintiff filed a Motion for Decision and Default Judgment (ECF 14), and five days later, filed the Amended Motion for Decision and Default Judgment (ECF 15) currently pending before the court. Plaintiff asserts that Defendants received notice of the Complaint on January 21, 2025, and Defendants did not submit their Answer by the response deadline (*id.* at 1). On this basis, Plaintiff requests entry of default judgment against Defendants (*id.*). The docket does not reflect valid proof of service on any Defendant. Rather, Plaintiff filed a "Proof of Service" showing that he attempted to serve Defendants by sending the Complaint by certified mail (ECF 16). This method of service is improper under Federal Rule of Civil Procedure 4, which generally requires personal service on individuals and local government. *See* Fed. R. Civ. P. 4(e) (serving an individual); R. 4(j) (serving local government). Plaintiff is not entitled to entry of default judgment where Defendants were not properly served. As explained above, because the undersigned has recommended dismissal of Plaintiff's Complaint, the undersigned further recommends denying Plaintiff's request for default judgment (ECF 15) as moot.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF 20) be GRANTED and this action be DISMISSED without prejudice. It is further RECOMMENDED that Plaintiff's Motion for Injunctive Relief (ECF 7) and Amended Motion for Decision and Default (ECF 15) be DENIED as MOOT.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 2 July 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah